Ross MASSBAUM, Plaintiff–counter–defendant—Appellant,

v.

WNC MANAGEMENT; et al., Defendants–counter–claimants—Appellees.

No. 08–55406.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Jan. 11, 2010.

Ross Massbaum, Laguna Hills, CA, pro se.

Mark E. Lowary, Berman, Berman & Berman, LLP, Riverside, CA, Daniel S. Roberts, Esquire, Best, Best & Krieger, Ontario, CA, for Defendants–counter–claimants–Appellees.

Before: GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

MEMORANDUM **

Ross Massbaum appeals pro se from the district court's summary judgment for defendants in his action alleging housing discrimination on the basis of race and disability. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Gam-*

---

* The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

*ble v. City of Escondido,* 104 F.3d 300, 304 (9th Cir.1997), and we affirm.

The district court properly granted summary judgment on the Fair Housing Act claim because Massbaum failed to raise a triable issue as to whether the defendants acted with any discriminatory intent during the events at issue, or whether their practices disproportionately impacted any particular racial group. *See McDonald v. Coldwell Banker,* 543 F.3d 498, 505 n. 7 (9th Cir.2008) (explaining that a disparate treatment claim under the Fair Housing Act requires some showing of discriminatory intent, while a disparate impact claim requires, inter alia, showing "a significantly ... disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices").

For the same reasons, summary judgment was proper on the claims brought under 42 U.S.C. § 1981 and Title VI. *See Save Our Valley v. Sound Transit,* 335 F.3d 932, 944 (9th Cir.2003) ("Title VI itself directly reach[es] only instances of intentional discrimination."); *De Horney v. Bank of America Nat'l Trust & Sav. Ass'n,* 879 F.2d 459, 467 (9th Cir.1989) ("[T]o establish a § 1981 claim, the plaintiff must prove intentional or purposeful discrimination.").

Summary judgment was proper on the 42 U.S.C. § 1982 claim because Massbaum did not show he is a member of a racial minority. *See Phiffer v. Proud Parrot Motor Hotel, Inc.,* 648 F.2d 548, 551 (9th Cir.1980).

Summary judgment was proper on the Americans with Disabilities Act ("ADA") and Rehabilitation Act claims, because Massbaum failed to raise a triable issue as to whether defendants discriminated

against him on the basis of a disability. *See Weinreich v. Los Angeles County Metro. Transp. Auth.,* 114 F.3d 976, 978 (9th Cir.1997) (stating that both the ADA and the Rehabilitation Act require proof of discrimination by reason of a disability).

Massbaum's remaining contentions are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.